## The State *vs.* Gilmanton.

Where a grant is made, extending to a river, and bounding upon it, the centre of the stream is the line of the boundary, if there is no limitation in the terms of the grant itself.

But where a grant runs to, and is bounded upon a lake, or other large body of standing fresh water, the grant extends only to the water's edge.

INDICTMENT against the town of Gilmanton, for not repairing a certain highway, beginning at the dwelling-house of Joseph Fifield, and running to Gilmanton line, between said

Gilmanton and Sanbornton; submitted to the determination of the court upon the following statement of facts.

There is a bridge across the waters between the towns of Sanbornton and Gilmanton, about thirty-seven rods long, and these waters are the Sanbornton bay. The bridge was built by private subscription, connecting the shores of the bay, and over this bridge a highway has been laid out by a committee from the court of common pleas. Sanbornton bay is about ten miles long, and from two to three miles wide in the broadest part. There is so much current where this bridge is, that no ice forms about it. The outlet of the lake Winnipissiogee is by the river of that name, and it discharges itself into this bay. The boundaries of Gilmanton are as follows—" To begin on the head of the town of ' Barnstead, at the corner of the said town, and next to the ' town of Chichester, and running from thence on a north- ' west line to Winnipissiogee pond, or river that runs out of ' said pond; and commencing again from the place where ' it began, to run north-east six miles on the head of the ' aforesaid town of Barnstead; then north-west two miles; ' then north to Winnipissiogee pond; then on the pond and ' river to meet the first line."

The state has exercised jurisdiction over the waters of the lake, so far as to annex islands thereof to the adjacent towns; and in one instance an island was conveyed by the state, in a bay three or four miles below the aforesaid bridge, but not in the same bay over which the bridge is made.

If upon these facts the court should be of opinion that the town of Gilmanton is liable for the repairs of said bridge, judgment to be entered for such sum as shall be necessary to make such repairs: otherwise the town to be discharged from the indictment.

*Gove*, A. G. for the state.

*I. A. Eastman*, for the defendant, cited 5 *N. H. R.* 37,

*Lawrence* vs. *Haynes; 5 Wendell* 423, *Canal Com'rs* vs. *The People; 3 Kent's Com.* 427.

PARKER, C. J. The facts necessary to a decision in this case are not fully stated.

The rule for the construction of grants bounding on rivers, is stated in *Prop'rs of Claremont* vs. *Carleton,* 2 *N. H. R.* 369—Where a grant is made extending to a river, and bounding upon it, the centre of the stream is the line of the boundary, if there is no limitation in the terms of the grant itself.

But in relation to grants bounding on ponds, lakes, or other large bodies of standing fresh water, that principle does not apply, but the grant extends only to the water's edge. Such seems to have been the construction of the legislature in this state, as appears from the annexation of islands, in lake Winnipissiogee, to the towns adjacent, and from a grant of one stated in the case. And such is laid down as the rule in New York, by Mr. Chancellor Walworth. 5 *Wend.* 447, *Canal Com'rs* vs. *The People. Vide, also,* 6 *Cowen* 545, *note.*

If, therefore, the line of the township of Gilmanton, running from Barnstead, as stated in the case, strikes a river, and the boundary is then upon a river, the grant extends to the thread of the river; but if it strikes any large body of standing water, by whatever name it is called, it will go only to the water's edge, and be there bounded, there being nothing in the terms of the grant to show that it was to be extended further.

The controversy between the parties here seems to be, whether the water upon the westerly boundary, and particularly at the place where this bridge is built, constitutes a river. A portion of a river may be designated as a bay. It is not the less a river on account of such name. On the other hand, bays may be connected with rivers in such way as to form a body of standing water, extending inland, and not be considered part of the river.

The water from the lake, which forms a junction with the Pemigewasset river, has generally been known as the Winnipissiogee river. In the course of that distance, however, there are large bodies of water denominated bays. There is no pretence that any of these are arms of the lake. They are on a lower level. But they may be lakes of themselves, in which case there are in fact two or more rivers; or they may in some instances be mere enlargements of a river.

It is stated in the case that there is a current at the place where the bridge is situated. This would indicate that the boundary at that place is a river. If so, its being designated as Sanbornton bay would of course make no difference.

As there is a controversy as to the facts of the case, we think it proper to discharge the statement, and transfer the case for trial, to ascertain whether the water of the boundary, and particularly at the place in question, is a river or not. The whole character of the water on that boundary may be of importance in the construction of the grant.